## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2019, 9:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell Davis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 18, 2019

Court of Appeals Case No.
18A-CR-2338

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1609-F3-884

**Bradford, Judge.**

# Case Summary

[1] One evening in August of 2016, then-sixteen-year-old Darrell Davis went into the bedroom of his then-eleven-year-old cousin, restrained her, and forced her to fellate him. Davis subsequently pled guilty to Level 3 felony child molesting. At sentencing, Davis requested that the trial court withhold judgment and transfer the matter to the juvenile court pursuant to Indiana Code section 31-30-1-4(c). Davis appeals the denial of this request. We affirm.

# Facts and Procedural History

[2] One evening in August of 2016, Davis entered the bedroom of then-eleven-year-old L.F., confined her with his arms and legs, and forced her to fellate him until he ejaculated. L.F. subsequently reported Davis's actions to her mother who notified the police.

[3] On September 29, 2016, the State charged Davis with Level 3 felony rape. On May 3, 2018, the State amended the charging information to include a charge of Level 3 felony child molesting. That same day, Davis agreed to plead guilty to the Level 3 felony child molesting charge. In exchange for Davis's guilty plea, the State agreed to dismiss the Level 3 felony rape charge and the parties agreed that the trial court "shall consider withholding the judgment, and transferring the matter for adjudication and disposition in the juvenile court, based on the standard set forth in [Indiana Code section] 31-30-1-4(c)." Appellant's App. Vol. II p. 135.

[4]     The trial court conducted a hearing on August 30, 2018, during which the State called juvenile probation officer Thomas LaShawn O'Neil. O'Neil had previously served as Davis's juvenile probation officer in another matter. With regard to his prior contacts with Davis, O'Neil testified that in August of 2012, Davis was alleged to be delinquent for committing what would have been battery and sexual battery if committed by an adult. Davis was placed on a nine-month informal adjustment during which he participated in individual and family counseling and completed an anger replacement training program. With regard to the instant matter, O'Neil testified that because the juvenile system's treatment and placement options are limited for individuals like Davis who are adjudicated to be delinquent after turning eighteen, "accountability would be an issue if [Davis's case] would be transferred to the juvenile division." Tr. p. 11. Given the accountability issues, O'Neil testified that the juvenile probation department would not recommend transferring the matter to the juvenile court.

[5]     In denying Davis's request for the trial court to withhold judgment and transfer the matter to the juvenile court, the trial court stated:

> The Court has considered the information that's been provided in the Presentence Investigation Report, as well as the evaluations. And as required by Indiana Code 31-30-1-4(c), the Court has considered withholding judgment and transferring this matter for adjudication and disposition to the juvenile court based on the standards set forth in the previously indicated statute. However, the Court's gonna deny that transfer.

Tr. p. 16. The trial court retained jurisdiction, accepted Davis's plea and sentenced him to a term of ten years, with eight years executed in the Department of Correction and two years suspended to probation.

# Discussion and Decision

[6] Davis contends that the trial court abused its discretion in denying his request for the trial court to withhold judgment and transfer the matter to the juvenile court. We disagree. Indiana Code section 31-30-1-4 provides, in relevant part, as follows:

> (a) The juvenile court does not have jurisdiction over an individual for an alleged violation of:
> ****
> (4) IC 35-42-4-1 (rape);
> ****
> if the individual was at least sixteen (16) years of age but less than eighteen (18) years of age at the time of the alleged violation.
> ****
> (c) If:
> (1) an individual described in subsection (a) is charged with one (1) or more offenses listed in subsection (a);
> (2) all the charges under subsection (a)(1) through (a)(9) resulted in an acquittal or were dismissed; and
> (3) the individual pleads guilty to or is convicted of any offense other than an offense listed in subsection (a)(1) through (a)(9);
> the court having adult criminal jurisdiction *may* withhold judgment and transfer jurisdiction to the juvenile court for adjudication and disposition. In determining whether to transfer jurisdiction to the juvenile court for adjudication and disposition,

the court having adult criminal jurisdiction shall consider whether there are appropriate services available in the juvenile justice system, whether the child is amenable to rehabilitation under the juvenile justice system, and whether it is in the best interests of the safety and welfare of the community that the child be transferred to juvenile court. All orders concerning release conditions remain in effect until a juvenile court detention hearing, which must be held not later than forty-eight (48) hours, excluding Saturdays, Sundays, and legal holidays, after the order of transfer of jurisdiction.

(Emphasis added). The plain language of the statute indicates that the trial court may withhold judgment and transfer the matter to the juvenile court, not that the trial court must do so.

The term "may" in a statute ordinarily implies a permissive condition and a grant of discretion. It logically follows that a trial court's ruling on a reverse transfer request would be reviewed for an abuse of discretion. An abuse of discretion occurs when a trial court's decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law.

*Tibbs v. State*, 86 N.E.3d 401, 404–05 (Ind. Ct. App. 2017) (internal quotations omitted), *trans. denied*.

[7] Davis committed a serious offense when he forced his then-eleven-year-old cousin to fellate him. Davis committed this offense after having previously been subjected to an informal adjustment for allegedly committing what would have been sexual battery if committed by an adult, suggesting that the prior attempts to rehabilitate Davis and reform his sexually aggressive behavior were

unsuccessful. Further, while Davis correctly notes that the Indiana Risk Assessment System Community Supervision Tool found him to be a low risk to reoffend, the psychosexual assessment completed in connection to the case "indicates that he is in the medium to high range to be reconvicted for a sexual offense." Appellant's App. Vol. III p. 8. In light of these facts coupled with the fact that the juvenile probation department "would not be in agreement with transferring [Davis's case] back to" the juvenile court, tr. p. 12, Davis has failed to convince us that either (1) the trial court's denial of his request to withhold judgment and transfer the matter to the trial court is clearly against the logic and effect of the facts and circumstances of this case or (2) the trial court misinterpreted the law. As such, we conclude that the trial court acted within its discretion in denying Davis's request.

[8] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.